THE UNITED STATES *vs.* THOMAS DUNN and ROBERT MURPHY.

CRIMINAL DOCKET. No. 14,924.

THE UNITED STATES *vs.* THOMAS DUNN.

CRIMINAL DOCKET. No. 14,925.

{ Decided March 3, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

In the District of Columbia, on the trial of any felony other than treason or a capital offence, the defence is entitled to ten peremptory challenges and the Government to three.

THE CASE is stated in the opinion.

H. H. WELLS and A. S. WORTHINGTON for the United States.

A. B. WILLIAMS for defendants.

Mr. Chief Justice CARTTER delivered the opinion of the court.

These cases present identical questions of law, and for that reason they have been argued and submitted together.

The defendants were indicted for grand larceny, were tried and convicted of that offence, and are here on exceptions to the ruling of the court below in allowing them only four peremptory challenges, whereas they insist that, being on trial upon a charge of felony, they were entitled to ten. They also except to the further ruling of the court below in allowing the Government three peremptory challenges, the defendants claiming that they were not entitled to any. In these two exceptions and the law involved in them rests whatever there is of error in these cases. The learned counsel, in the presentation to us of their views, have dis-

played great industry and intelligence in tracing the history of the challenge of jurors in civil and criminal trials in this jurisdiction, and of the legislation having application to it. The legislation of the various States of the Union upon the same subject has also been laboriously pursued, with the view of exhibiting the evil which Congress evidently intended to remedy when it attempted to bring the administration of justice in the federal courts to a uniform rule; for, before the act of 1867, these courts respected the rule ordained by the statutes of the several States, and these were as variant as the States themselves, only two peremptory challenges being permitted by some, while others allowed as high as thirty. From the light which this discussion has thrown upon the subject, it is evident that before the act of 1867, excepting in cases of treason and capital crimes, no peremptory challenges were allowed in this District to either side. It is not necessary, therefore, to go behind the act of 1867 in the very brief examination which we propose to make of the law bearing upon this case.

The act of February 22, 1867, section 11, reads as follows: "Be it further enacted, that on the trial of any person charged with a crime the punishment whereof may be confinement in the penitentiary or District jail, the defendant shall be entitled to four peremptory challenges of jurors." June 8, 1874, five years later, Congress passed this statute : " Be it enacted, &c., that section 2 of the act entitled ' an act to regulate the proceedings in criminal cases,' be and the same is hereby amended to read as follows: That when the offence charged is treason or a capital offence, the defendant shall be entitled to twenty, and the United States to five, peremptory challenges. On the trial of any other felony, (as of the cases now before us), the defendant shall be entitled to ten, and the United States to three, peremptory challenges, and in all other cases, civil and criminal, each party shall be entitled to three peremptory challenges, and in all cases where there are several defendants or several plaintiffs, the parties on each side shall be deemed a single party for the purposes of all challenges under this section."

Now, if those two statutes were addressed to the same jurisdiction, no question could arise, for the latter is unmistakably a repeal of the former. The latter statute provides peremptory challenges for the United States; the former did not. The latter provides ten peremptory challenges for the defendant; the former provided four, and both of these features of the two statutes are incompatible and directly inconsistent with each other. The last statute, the statute of 1872, provided for the whole subject. It entered into the design of Congress, whatever jurisdiction they were dealing with, to make a complete and entire provision for this subject; and after passing away from capital crimes into felonies, and then from felonies, it provided that in all other cases, civil and criminal, each party should have three challenges. It was evidently the legislative purpose to cover this whole subject, and if both statutes had been addressed to the jurisdiction of the District of Columbia and its courts, no question of this sort could have been raised in this case; to read them is to interpret them.

The only question, therefore, is whether these statutes apply to this jurisdiction. Now, the act of February, 1871 (R. S. D. C., sec. 93), provides, and it seems impossible for more comprehensive or more definite language to be used: "The Constitution and laws of the United States, which are not locally inapplicable, shall have the same force and effect within the District of Columbia as elsewhere in the United States."

So, then, if the act of 1872, is not inapplicable to this District, then the law in regard to challenges in criminal and civil trials in this court is settled by that act. We do not suppose it is necessary to spend any time in discussing that question. That the provision of this statute is applicable to this District no reasonable man will doubt. That is the whole of this question. The act of 1872 is in force in this District, and being utterly incompatible with the law of 1867, operates, under all the rules of construction, to repeal it. It is, therefore, the opinion of the court, that the defendant is entitled to ten peremptory challenges in a

case of felony, and that the United States is entitled to three.   We have no doubt upon the subject.

The judgments in these cases are reversed and a new trial ordered.